178 N.J. Super. 36 (1981)
427 A.2d 1129
DR. HARVEY SALB ET AL., PLAINTIFFS-APPELLANTS,
v.
LEMOINE AVENUE ASSOCIATES ET AL., DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued February 3, 1981.
Decided February 18, 1981.
*37 Before Judges FRITZ, POLOW and JOELSON.
Robert Greenberg argued the cause for appellants (Greenberg and Feiner, attorneys; Renee Pipe Wallace on brief).
Joseph F. Behot, Jr. argued the cause for respondents Lemoine Avenue Associates, NRK Management Corporation, Richard Kalikow and Nathan Kalikow (Greenstone & Sokol, attorneys).
Ira E. Berliner argued the cause for respondent Bridge Plaza Co-op, Inc.
The opinion of the court was delivered by JOELSON, J.A.D.
*38 Plaintiffs are commercial tenants on the first floor of a high-rise apartment building in Fort Lee known as Bridge Plaza. The building contains 114 residential units and 19 professional or business suites. Defendant Lemoine Avenue Associates (Lemoine) was the tenant under the original long-term ground lease of the building. Pursuant to a plan of conversion of the property to a cooperative, on August 3, 1977 it offered for sale the residential apartments in the building. Commercial units were not included in the offering. A cooperative conversion took place and defendant Bridge Plaza Co-op, Inc. (Bridge Plaza) took over from Lemoine as tenant under the long-term ground lease of the building.
Thereafter, on November 1, 1978, Bridge Plaza offered 3,000 of the total 50,000 shares of capital stock to commercial tenants, and on May 16, 1979 increased the allotment to 8,621 shares for 15 commercial units. However, the price per share and the maintenance costs per share were considerably higher than that offered residential tenants. NRK Management Corporation (NRK) was the selling agent under the cooperative conversion offering and management agent for the building.[1]
Plaintiffs brought action seeking an injunction against further implementation of the offering and requiring that commercial tenants be treated in all respects in the same manner as residential tenants. They also sought compensatory and punitive damages. Upon the motion of several defendants for summary judgment the trial judge signed an order which in effect denied plaintiffs' request to be treated on the same basis as residential tenants. Plaintiffs appeal this determination. We affirm.
*39 Plaintiffs rely on N.J.S.A. 2A:18-61.8, which provides as follows:
Any owner who intends to convert a multiple dwelling as defined in P.L. 1967, c. 76 (C. 55:13A-1 et seq.), other than a hotel or motel, or a mobile home park into a condominium or cooperative shall give the tenants 60 days' notice of his intention to convert and the full plan of the conversion prior to serving notice, provided for in section 3 of P.L. 1974, c. 49 (C. 2A:18-61.2). A duplicate of the first such 60-day notice and full plan shall be transmitted to the clerk of the municipality at the same time. In the notice of intention to convert tenants shall be notified of their right to purchase ownership in the premises at a specified price in accordance with this section, and their other rights as tenants under this act in relation to the conversion of a building to a condominium or a cooperative. A tenant in occupancy at the time of the notice of intention to convert shall have the exclusive right to purchase his unit or the shares of stock allocated thereto for the first 90 days after such notice that such purchase could be made during which time the unit shall not be shown to a third party unless the tenant has in writing waived the right to purchase.
Plaintiffs contend that since they were tenants in occupancy at the time of the notice of intention to convert, they are entitled to the right to purchase by reason of the last sentence of the statute quoted above. In so arguing, they misread the clear intention of the enactment. We are satisfied that it does not extend its protection to commercial tenants. It refers to a multiple dwelling as defined by N.J.S.A. 55:13A-1 et seq., which is a law described by N.J.S.A. 55:13A-2 as remedial legislation necessary to provide "decent, standard and safe units of dwelling space....'" Furthermore, N.J.S.A. 55:13A-3(k) defines the term "multiple dwelling" as any building "in which three or more units of dwelling space are occupied or are intended to be occupied by three or more persons...." Resort to a lexicographer is not necessary. The common understanding of the word "dwelling" carries connotations of a living place or home.
Furthermore, N.J.S.A. 2A:18-61.8 is part of a general statutory scheme, N.J.S.A. 2A:18-61.1 et seq. It should be noted that N.J.S.A. 2A:18-61.1 bears the heading: "Removal of residential tenants." It has no application to commercial tenants. Removal *40 of such tenants is governed by an entirely different statutory scheme, N.J.S.A. 2A:18-53. Since N.J.S.A. 2A:18-61.1 et seq. is in derogation of a landlord's common law rights of ownership, it must be strictly construed. Floral Park Tenants v. Project Holding, Inc., 152 N.J. Super. 582, 591 (Ch.Div. 1977), aff'd 166 N.J. Super. 354 (App.Div. 1979). We must enforce the legislative will as written and not according to some unexpressed intention. Dacunzo v. Edgye, 19 N.J. 443, 451 (1955); Hoffman v. Hock, 8 N.J. 397 (1952).
Plaintiffs further allege that the cooperative conversion plan was in violation of the Uniform Securities Law, N.J.S.A. 49:3-47 et seq., and the Real Estate Syndication Offerings Law, N.J.S.A. 49:3-27 et seq. We have held that shares of membership interests in cooperatives such as we are now considering do not fall within the purview of such laws. AMR Realty Co. v. State, 149 N.J. Super. 329 (App.Div. 1977). The United States Supreme Court has similarly held with regard to the Federal Securities Act. United Housing Foundation, Inc. v. Forman, 421 U.S. 837, 95 S.Ct. 2051, 44 L.Ed.2d 621 (1975), reh. den. 423 U.S. 884, 96 S.Ct. 157, 46 L.Ed.2d 115 (1975). Plaintiffs seek to distinguish the case now before us from these cases under special circumstances alleged to exist here. In this respect they aver that some of the residential units were "sold to outsiders at the insider price" and that these "outsiders" purchased the units only for the purpose of renting them at a profit. Thus, they contend that the holding in AMR Realty Co. is not applicable.
We need not decide that issue because although plaintiffs in their complaint seek damages for violations of "New Jersey Blue Sky Laws," they do not allege nor can they prove that they are persons "buying the security" within the meaning of N.J.S.A. 49:3-71(a)(2). That section is the only provision in the Uniform Securities Law which entitles a person to recover damages against the offeror or seller of a security for violations of the *41 legislation, and it limits recovery to the consideration paid for the security by the purchaser of same, together with interest, "less the amount of any income received on the security, upon the tender of the security and any income received on it, or for damages if he no longer owns the security...." Since plaintiffs have not bought any shares in the cooperative, they have no claim for damages under N.J.S.A. 49:3-71(a)(2). Any other claim they may assert based upon a violation of the Uniform Securities Law relates to the administration of that law which is the province of the Bureau of Securities. N.J.S.A. 49:3-66. If plaintiffs believe that the board is not taking any necessary step, it may seek to compel it through an action in lieu of prerogative writs, but that type of action is not relevant to the case now before us. The same is true with regard to the Real Estate Syndication Offerings Law, N.J.S.A. 49:3-27 et seq.
Plaintiffs also contend that the conversion is invalid because NRK, which was the selling agent, was not a licensed real estate broker of New Jersey. Since this is not an action involving the right of a nonlicensed real estate broker to be paid a commission, this issue also lacks relevance to the dispute before us. It has no bearing on the question of whether plaintiffs as commercial tenants are entitled to participation in the plan to convert the property into a cooperative.
We note, in conclusion, that the trial judge, although ruling that the commercial tenants had no rights under N.J.S.A. 2A:18-61.8, nevertheless went on to order that if they wished, they should have authority to purchase at prices no higher than those established in the offering plan of November 1, 1978. No timely cross-appeal having been filed by defendants, we need not consider this aspect of the order.
Affirmed.
NOTES
[1] Under the offering of August 3, 1977 defendant J.I. Sopher, Inc. was the selling agent. Defendants Richard Kalikow and Nathan Kalikow were officers, directors and shareholders of NRK and Bridge Plaza and also partners in Kalikow Realty Company, a partner in Lemoine.